UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CHRISTA S. RAY,

                Plaintiff,

v.                                          **DECISION AND ORDER**
                                                06-CV-83S

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

1. Plaintiff Christa S. Ray challenges an Administrative Law Judge's ("ALJ") determination that she is not disabled within the meaning of the Social Security Act ("the Act"). On July 23, 2006, Defendant filed a Motion for Judgment on the Pleadings, arguing that the Commissioner's final decision is supported by substantial evidence in the record. Plaintiff responded with a Motion to Remand, in which she argues that (1) the Administrative Record is incomplete, and (2) the ALJ failed to consider the evidence that is missing from the Administrative Record. Plaintiff does not otherwise contest Defendant's motion. Because neither of Plaintiff's arguments is convincing, this Court will deny Plaintiff's motion and grant Defendant's.

2. Plaintiff's hearing before the ALJ was on September 16, 2005. (R. at 25.) During the hearing, Plaintiff's counsel provided the ALJ with additional evidence that the ALJ entered into the record. (R. at 247.) Ultimately, the ALJ determined that Plaintiff was not disabled within the meaning of the Act, and consequently denied her application for benefits. (R. at 12-21.)

3. Plaintiff first argues that remand of this case is necessary because the additional evidence submitted to the ALJ is not included in the Administrative Record on appeal. In her September 8, 2006 submission to this Court (Docket No. 12), Plaintiff

includes a copy of the documents she contends are missing. But the first document, an Appointment of Representative Form, is contained in the record at R. 22. Another three-page document, which details Plaintiff's work background, recent medical treatment, and medications, is contained in the supplemental record filed by Defendant on September 21, 2006. (R. at 273-275.) Thus, the only two documents not contained in the Administrative Record are a five-page listing of Plaintiff's medications from Rite-Aid, and an Acknowledgment of Receipt Form indicating that Plaintiff's counsel received notice of the hearing.

4. In this Court's view, the omission of these documents from the Administrative Record does not compel remand to the ALJ because the documents are not material to the ALJ's decision. First, the Rite-Aid document is simply a listing of medications prescribed by Drs. Russell, Junke, Landi, and Waghmarae that Plaintiff purchased from the pharmacy. It represents cumulative evidence of the medical records already in evidence that detail the medications that Plaintiff was prescribed. Second, the Acknowledgment of Receipt Form is a procedural form that is not relevant to the ALJ's final decision in this case. Accordingly, this Court finds that the omission of these documents from the Administrative Record does not warrant remand to the ALJ, and is not cause to disturb the ALJ's decision in this case.

5. Plaintiff secondarily argues that remand is necessary because it is unclear from the ALJ's decision whether he considered the additional documents. This argument is unpersuasive for three reasons. First, the record is clear that the ALJ accepted these documents into evidence, and he used the documents with the vocational expert. (R. at 247-248.) Second, the ALJ is under no obligation to discuss every piece of evidence considered in a case. See Mongeur v. Heckler, 722 F.2d 1033, 1040 (2d Cir. 1983) ("When, as here, the evidence of record permits us to glean the rationale of an ALJ's

decision, we do not require that he . . . mention[ ] every item of testimony presented to him or . . . explain[ ] why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability."); see also Miles v. Harris, 645 F.2d 122, 124 (2d Cir. 1981) (holding that the court was unwilling to require the ALJ to explicitly reconcile every conflicting shred of evidence provided that he carefully considered the evidence in reaching his decision).  Finally, as stated above, the missing documents are either cumulative or not relevant to the merits of Plaintiff's application for benefits.

6. Aside from the two arguments above, Plaintiff does not challenge the Defendant's final decision.  Nonetheless, this Court has carefully examined the administrative record, and finds that substantial evidence supports the ALJ's decision.  This Court is satisfied that the ALJ thoroughly examined the record and afforded appropriate weight to all of the medical evidence in rendering his decision that Plaintiff is not disabled within the meaning of the Act.  (R. at 20.)  Finding no reversible error, this Court will grant Defendant's Motion for Judgment on the Pleadings and deny Plaintiff's Motion for Remand.

IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 6) is GRANTED.

FURTHER, that Plaintiff's Motion for Remand (Docket No. 9) is DENIED.

FURTHER, that the Clerk of the Court shall close this case.

SO ORDERED.

Dated:   September 16, 2007
             Buffalo, New York

                                            /s/William M. Skretny
                                            WILLIAM M. SKRETNY
                                            United States District Judge